IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMUEL BURT, #141532, | ) Civil Action No. 3:11-247-SB-JRM |
| Plaintiff, | ) |
| vs. | ) |
| JON OZMINT, DIRECTOR; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS (INCLUDING W. EAGLETON, S. SKIPPER, J. SLIGH, J. BETHEA, W. MCCRAE, MR. JACOBS, S. GOLDBERT, M. C. LINDSEY, AND C. FLORIAN); MS. HOOKS, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff filed this action in the Court of Common Pleas for Marlboro County, South Carolina on September 9, 2010. He is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendants removed this action to this Court on January 31, 2011.[1] On February 16, 2011, Plaintiff filed a motion for judgment on the pleadings and to remand this action. Defendants filed a response on March 4, 2011.

**DISCUSSION**

Plaintiff argues that this action should be remanded to the state court because the Defendants did not follow the proper procedure for removal. He also argues that this Court lacks jurisdiction because he has not asserted any federal claims. Plaintiff states that he merely included information about federal law in his Complaint to show that such laws were established at the time of Defendants' alleged wrongful actions. Defendants contend that remand should be denied because they properly

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

removed this action within thirty days of becoming aware of this action and because federal subject matter jurisdiction exists.[2]

A defendant may remove a civil action brought in state court if the case originally could have been brought in a federal district court. See 28 U.S.C.A. § 1441. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[3]  Jurisdiction is established based on the allegations of the plaintiff's complaint filed in state court. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The burden of demonstrating jurisdiction resides with "the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004)(citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994)).  This includes establishing compliance with the removal statute's requirements. See Marler v. Amoco Oil Co., 793 F. Supp. 656, 658-59 (E.D.N.C.1992)("Defendant bears the burden of establishing the right to removal, including compliance with the requirements of [28 U.S.C.] § 1446(b).").  Removal jurisdiction is strictly construed; in doubtful cases, the action must be remanded. See Mulcahey, 29 F.3d at 151.

Plaintiff argues that this action should be remanded because Defendants did not remove this action within thirty days of being served[4] and failed to comply with all requirements for removal, in

---

[2]Defendants appear to alternatively argue that they agree to a "limited" remand if the court dismisses Plaintiff's federal claims.  Plaintiff has not made a motion to dismiss his federal claims nor has he asked to amend his Complaint (and submitted a proposed amended complaint without federal claims) to remove his federal claims.

[3]Defendants have not asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332.

[4]The removing defendant shall file the notice of removal:
> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

(continued...)

particular that they failed to attach a copy of all process.[5] No copy of process was attached to Defendants' notice of removal. In their notice of removal, Defendants asserted that "[u]pon information and belief, the Summons and Complaint were personally served upon Defendant South Carolina Department of Corrections on or about January 5, 2011." Notice of Removal, Para. 2. On February 2, 2011, Defendants appear to have amended their notice of removal by filing a copy of a summons which is stamped as received by the Insurance Reserve Fund Claims Department on January 6, 2011. Defendants, in their memorandum in opposition to remand, now assert that the statement in their notice of removal was incorrect. They claim SCDC was never properly served, and appear to argue that SCDC first became aware of the lawsuit when it received a copy of the summons on January 4, 2011. In support of this, Defendants provided a copy of Plaintiff's certificate of service to Jon Ozmint which was stamped as received by "General Counsel" on January 4, 2011. Doc. 15, Ex. A.

Plaintiff argues that he served Defendants on December 30, 2011 by placing a copy of the Summons and Complaint in SCDC's interagency mail addressed to SCDC. Plaintiff, however, cannot show that such method of service is proper. Because SCDC is an administrative agency of the State of South Carolina, see S.C.Code Ann. § 24-1-30, service of Plaintiff's state court action was

---

[4](...continued)
28 U.S.C. § 1446(b).

[5]A defendant desiring to remove a case from a State court shall file in the district court:
    a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil
    Procedure and containing a short and plain statement of the grounds for
    removal, together with a copy of all process, pleadings, and orders served
    upon such defendant or defendants in such action.
28 U.S.C. § 1446(a).

required to be made pursuant to Rule 4(d)(5) of the South Carolina Rules of Civil Procedure. This rule provides that an officer or agency of South Carolina is served by personal service:

> by delivering a copy of the summons and complaint to such officer or agency and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia.

S.C.R.Civ.P. 4(d)(5). As "proof" that he served SCDC by interagency mail, Plaintiff submitted a handwritten copy of his certificate of service. This certificate of service does not state that Plaintiff was served SCDC by interagency mail, but instead that Plaintiff placed the Summons and Complaint in the United States mail addressed to Jon Ozmint, Director of SCDC. Doc. 12, Ex. B. This too, fails to comply with the applicable rule for service. If Plaintiff has not properly served Defendants, he cannot show that Defendants failed to remove this action within thirty days of service. Assuming, however (for purposes of the motion to remand) that Defendants were served when SCDC General Counsel received the summons and complaint by United States mail on January 4, 2011, Defendants' notice of removal was timely filed within thirty days.[6]

Plaintiff argues that this action should be remanded because Defendants did not attach a copy of all process to their removal notice. If Defendants were never properly served, it is unclear what process documents Defendants were required to attach. Even if Defendants were required to attach a copy of the received summons and certificate of service, they have now done so. This defect does not require remand because such a defect is "merely procedural" and "may be cured." Riggs v. Fling Irrigation, Inc., 535 F.Supp.2d 572, 579 (W.D.N.C. 2008); see also 14C Charles Alan Wright &

---

[6]Plaintiff has not presented anything to show that he attempted service on the individual Defendants. He appears to argue that Defendants were in default prior to removal because they did not file an answer in state court within twenty days. The South Carolina Rules of Civil Procedure, however, provide that "[a] defendant shall serve his answer within 30 days after the service of the complaint upon him..." S.C.R.Civ.P. 12(a).

Arthur R. Miller, Federal Practice and Procedure § 3733 (3d ed. 1998)("The predominant view is that the removing party's failure to file the required state court papers is 'curable in the federal courts if there is a motion to remand.'"); Riehl v. National Mut. Ins. Co., 374 F.2d 739, 742 (7th Cir.1967) ("[T]he omission [of the complaint] was but a minor irregularity of no consequence. The basic purpose of the § 1446(a) directive was neither frustrated nor unfulfilled. To permit this minor irregularity to defeat the District Court's jurisdiction would be to elevate form over substance."); Covington v. Indemnity Ins. Co. of North America, 251 F.2d 930, 933 (5th Cir.1958) (agreeing that "mere modal or procedural defects are not jurisdictional" and that failure to attach process according to § 1446(a) may be cured). Here, Defendants have now provided copies of what process appears to have been attempted by Plaintiff.

Plaintiff also argues that this action should be remanded because this Court lacks subject matter jurisdiction over his Complaint. Defendants assert that this Court has jurisdiction because Plaintiff makes numerous allegations concerning federal constitutional violations.

Looking at the face of the Complaint, Plaintiff has presented numerous federal claims such that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. He repeatedly alleges that his federal constitutional rights have been violated. Plaintiff specifically alleges that his due process rights were violated, he was denied equal protection, he was subjected to cruel and unusual punishment, he was denied access to the courts, and he was denied due process. He claims that certain Defendants have acted under "color of State law." Complaint, Paras. 4 and 9. Plaintiff specifically alleges that his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated. Complaint, Para. 12(C). Thus, it is recommended that Plaintiff's motion to remand be denied.

**MOTION FOR JUDGMENT ON THE PLEADINGS**

On February 16, 2011, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c). Defendants contend that Plaintiff's motion should be denied because Plaintiff's motion contains no arguments that relate in any way to the merits of the allegations set forth in the Complaint or Answer and merely appears to restate his motion for remand.

Plaintiff appears to argue that he is entitled to judgment on the pleadings because this Court lacks subject matter jurisdiction over his case. In essence, he is reiterating his motion to remand. As discussed above, Plaintiff has asserted numerous federal claims. Thus, it is recommended that Plaintiff's motion for judgment on the pleadings be denied.

**MOTION FOR A PRELIMINARY INJUNCTION**

On October 12, 2010, Plaintiff filed a motion for injunctive relief in the State court. This is attached to the notice of removal. Defendants have not filed a response. In his motion, Plaintiff appears to be requesting injunctive relief. He claims that Corporal Miller of SCDC has refused to provide him with full and equal access to photocopy privileges enjoyed by non-indigent inmates. Specifically, he claims that Corporal Miller refused to provide him with more than one photocopy of his Complaint.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff also fails to show that he is entitled to relief under the factors set out in Winter. He is unlikely to be successful as to his claim that he is being denied access to the courts by not being provided photocopies. The SCDC officer he claims is responsible for this is not even a defendant in this action. Plaintiff also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Plaintiff does not dispute that he is able to handwrite copies of his pleadings, only that he wishes to be provided with photocopies instead. Charges for copying services, particularly in the light of available alternatives, do not constitute denial of access to the courts. See, e.g., Lyons v. Clark, 694 F. Supp. 184, 188 (E.D.Va. 1988)(inmates do not have unlimited rights to photocopies), aff'd, (4th Cir. 1989)[Table]; Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1981)(denial of free photocopying does not amount to a denial of access to the courts); Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980); Dugar v. Coughlin, 613 F. Supp. 849, 853 (S.D.N.Y 1985). Plaintiff has been able to file numerous lengthy pleadings in this action. Additionally, he has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. Thus, it is recommended that Plaintiff's motion for a preliminary injunction be denied.

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion to remand (Doc. 12) be **denied**, Plaintiff's motion for judgment on the pleadings (Doc. 11) be **denied**, and Plaintiff's motion for a preliminary injunction be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

August 15, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).