IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC

2011 SEP 28  P 2: 31

| | |
|---|---|
| Samuel Burt, #141532, | |
| Plaintiff, | |
| v. | Civil Action No. 3:11-247-SB |
| Jon Ozmint, Director; South Carolina Department of Corrections (including W. Eagleton, S. Skipper, J. Sligh, J. Bethea, W. McCrae, Mr. Jacobs, S. Golbert, M. C. Lindsay, and C. Florian); Ms. Hooks, | **ORDER** |
| Defendants. | |




The Plaintiff, who is an inmate in the Evans Correctional Institution of the South Carolina Department of Corrections, filed this action on September 9, 2010, in the Court of Common Pleas for Marlboro County, South Carolina. The Defendants removed this action to this Court on January 31, 2011. On February 16, 2011, the Plaintiff filed a motion for judgment on the pleadings and to remand this action to state court. Pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules for this District, the matter was referred to a United States Magistrate Judge for preliminary determinations.

On August 15, 2011, Magistrate Judge Joseph R. McCrorey issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court deny the Plaintiff's motion to remand, his motion for judgment on the pleadings, and his motion for a preliminary injunction. Attached to the R&R was a notice advising the Plaintiff of his right to file specific, written objections to the R&R within 14 days of being served with a copy of it. On August 26, 2011, the Plaintiff filed a motion for an extension of time to file objections, which this Court granted in an order filed on August 30, 2011. Specifically, the

Court granted the Plaintiff a 20-day extension and specifically instructed the Plaintiff to file his objections on or before September 21, 2011. The Plaintiff's objections were filed on September 22, 2011, and were postmarked on September 21, 2011; in the interest of fairness, the Court considers them to be timely filed.

## STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which such objection is made and the basis for the objection. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

As previously mentioned, the Plaintiff filed this action in the Marlboro County Court of Common Pleas in September of 2010, and the Defendants removed the action to this Court on January 31, 2011. On February 16, 2011, the Plaintiff filed a motion to remand and a motion for judgment on the pleadings. In addition, attached to his initial complaint, the Plaintiff included a motion for injunctive relief.

### I.   The Plaintiff's Motion to Remand

In his motion to remand, the Plaintiff argues that the Defendants did not follow the

2

proper procedure in removing the case. Specifically, the Plaintiff asserts that the Defendants were properly served by mail and that they failed to timely remove the matter. He also asserts that all of the Defendants did not join in the notice of removal. In addition, the Plaintiff claims that this Court is without jurisdiction because his complaint does not set forth any federal claims.

In response, the Defendants assert not only that the Plaintiff failed to properly serve Defendant SCDC pursuant to Rule 4(d)(5) of the South Carolina Rules of Civil Procedure, which requires both personal service upon an officer or agency and sending a copy of the summons and complaint to the Attorney General. Even so, however, the Defendants attached a copy of the Plaintiff's certificate of service that was stamped received by the SCDC General Counsel's office on January 4, 2011. The Defendants' point out that their removal on January 31, 2011, was within 30 days of January 4, 2011. Finally, the Defendants argue that federal question jurisdiction exists because the Plaintiff asserts that his constitutional rights have been violated and that the Defendants acted "under color of state law." The Defendants provide a limited consent to remand if the Court issues and order dismissing any and all perceived federal claims with prejudice.

In the R&R, the Magistrate Judge outlined the issues and the relevant law and agreed with the Defendants. The Magistrate Judge determined: (1) that service upon the SCDC was not proper; (2) that the Defendant cured any procedural defect of failing to attach a copy of all process to their removal notice; (3) and that even assuming that the Plaintiff properly served the SCDC, the notice of removal was timely filed within 30 days. In addition, the Magistrate Judge determined that the Plaintiff's complaint presents numerous federal claims insofar as the Plaintiff continually alleges that his federal claims

have been violated, that he has been denied equal protection, that he was subjected to cruel and unusual punishment, and that the Defendants acted under color of state law.

In his largely nonsensical objections, the Plaintiff reiterates his various claims and arguments and he asserts that the R&R constitutes "an extra-judicial attempt to cover up attorney misconduct and removal made for improper and frivolous motives . . . ." (Entry 49 at 1.) He again claims that the Defendants did not follow the proper removal procedures and that federal question jurisdiction does not exist, but after consideration, the Court finds that the Plaintiff's objections do not point to any legal or factual error sufficient to alter the Magistrate Judge's analysis. Accordingly, the Court overrules the Plaintiff's objections, adopts the R&R, and incorporates it by specific reference herein. Stated simply, the Court agrees with the Magistrate Judge that the Plaintiff has failed to demonstrate that he properly served Defendant SCDC, but even forgiving this issue, Defendant SCDC clearly removed this case within the 30-day time period. Moreover, the Court agrees with the Magistrate Judge that the face of the Plaintiff's complaint clearly presents federal questions. Therefore, the Plaintiff's motion to remand is denied.

## II.     The Plaintiff's Motion for Judgment on the Pleadings

In his motion for judgment on the pleadings, the Plaintiff reiterates many arguments contained in his motion to remand. For example, he asserts that the Court does not have jurisdiction over this case and that he is entitled to the judgment sought in the attached motion to remand.

As the Magistrate Judge pointed out in the R&R, the Plaintiff's motion for judgment on the pleadings contains no arguments that relate in any way to the merits of the allegations of his complaint. Rather, the motion merely restates his motion to remand, and

4

the Court finds that the Plaintiff's motion for judgment on the pleadings should be denied for the same reasons that the Court denies the Plaintiff's motion to remand.

## III.     The Plaintiff's Motion for Emergency Injunctive Relief

Finally, attached to his initial complaint, the Plaintiff included a motion for injunctive relief, wherein he claims that Corporal Miller of the SCDC has refused to provide him with full and equal access to photocopy privileges enjoyed by non-indigent inmates. Specifically, he claims that Corporal Miller refused to provide him with more than one photocopy of his complaint.

In the R&R, the Magistrate Judge determined that the Plaintiff had failed to demonstrate: (1) that he was likely to succeed on the merits at trial; (2) that he was likely to suffer irreparable harm in the absence of relief; (3) that the balance of equities tips in his favor; or (4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Accordingly, the Magistrate Judge recommended that the Court deny the motion.

In his objections, the Plaintiff does not directly respond to this portion of the R&R. Nevertheless, after a thorough review of the record, the Court agrees with the Magistrate Judge that the Plaintiff has failed to demonstrate that he is entitled to emergency injunctive relief.   Accordingly, the Court adopts the Magistrate Judge's findings and recommendations.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the R&R (Entry 35) is adopted and incorporated by specific

reference; the Plaintiff's objections (Entry 49) are overruled; the Plaintiff's motion to remand (Entry 12) is denied; the Plaintiff's motion for judgment on the pleadings (Entry 11) is denied; and the Plaintiff's motion for a preliminary injunction (attached to Entry 1) is denied.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September 27, 2011
Charleston, South Carolina

#6