IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMUEL BURT, # 141532, | ) Civil Action No. 3:11-247-SB-JRM |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| JON OZMINT, DIRECTOR; | ) |
| SOUTH CAROLINA DEPARTMENT OF | ) |
| CORRECTIONS (INCLUDING W. EAGLETON, | )**REPORT AND RECOMMENDATION** |
| S. SKIPPER, J. SLIGH, J. BETHEA, | ) |
| W. MCCRAE, MR. JACOBS, S. GOLDBERT, | ) |
| M. C. LINDSEY, AND C. FLORIAN); | ) |
| MS. HOOKS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff filed this action in the Court of Common Pleas for Marlboro County, South Carolina on September 9, 2010. He is an inmate at the Evans Correctional Institution ("ECI") of the South Carolina Department of Corrections ("SCDC"). The individual Defendants were all employees of SCDC at the time of the alleged incidents. Defendants removed this action to this Court on January 31, 2011.[1] On August 25, 2011, Defendants filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on August 26, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on November 3, 2011.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

## **MOTION FOR SUMMARY JUDGMENT**

Plaintiff's allegations stem from his efforts to secure prison employment following his completion of administrative sanctions imposed ("lockup") in connection with the disposition of a disciplinary charge for possession of a weapon. See Complaint 11-15. He claims that SCDC policy entitled him to retain his grandfathered inmate pay status (payment of $13.75 every two weeks) as long as he was re-employed within two weeks of returning to the "yard." Id. at 12. Plaintiff alleges that various SCDC officials conspired to keep him from securing another job, in violation of his constitutional rights and to his detriment, resulting in his loss of wages and the ability to earn work credits (to allow him to be released earlier from his prison sentence). Id. at 11-15. Plaintiff alleges that his constitutional rights (First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights) were violated because Defendants took away his prison job and violated his due process and other rights as to his attempts to have his job reinstated. He also alleges claims under South Carolina law.

Defendants contend that they are entitled to summary judgment because: (1) the individual Defendants who were not properly served and/or against whom there are no personal allegations asserted should be dismissed; (2) the individually named Defendants are entitled to qualified immunity; (3) prisoners do not have a constitutionally recognized liberty interest in a particular job assignment; (4) allegations concerning staff requests to do not rise to the level of a constitutional violation; (5) the doctrine of respondeat superior is not applicable to a case brought under § 1983;[2] (6) Plaintiff may not seek damages under § 1983 against the state or against a state official acting in his or her official capacity; (7) Plaintiff's allegations that SCDC employees failed to follow SCDC

---

[2]The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982).

polices do not demonstrate claims of constitutional rights violations; (8) Plaintiff's conspiracy claims fail; (9) Defendants Lindsey and Florian have no duty to Plaintiff; (10) claims under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10 to 15-78-220, against the individual Defendants must be dismissed; (11) claims under the SCTCA are barred by the applicable statute of limitations; (12) the South Carolina Circuit Court lacks subject matter jurisdiction to dispose of Plaintiff's state law claims as a matter of first impression and it follows that this Court also lacks subject matter jurisdiction to dispose of Plaintiff's South Carolina state law claims; (13) Plaintiff fails to show he is entitled to injunctive relief; and (14) Plaintiff's claims are factually and legally frivolous and should be dismissed and count as a strike pursuant to the Prison Litigation Reform Act. In his response, Plaintiff argues that Defendants' motion should be denied because: (1) this Court lacks jurisdiction over this action; (2) Defendants have not met their burden of demonstrating the absence of any genuine issue of material fact;[3] (3) the individual Defendants have not consented to removal and therefore have no standing; (4) the parties agree that Defendants are protected by Eleventh Amendment immunity and there are no personal capacity claims, such that Eleventh Amendment immunity renders the complaint not removable; and (5) Plaintiff needs additional time to conduct discovery[4] to determine if the individual Defendants have standing.[5]

---

[3]For purposes of summary judgment, the facts have been taken in the light most favorable to Plaintiff. As Defendants, for purposes of summary judgment, have not disputed the alleged facts, there are presently no genuine issues of material fact.

[4]Any motion to compel is untimely, as discovery ended in this action on March 21, 2011. See Doc. 7 (Scheduling Order).

[5]One of Plaintiff's arguments in his response to Defendants' motion for summary judgment is that this action should be remanded to the State court because he asserts no federal claims. Plaintiff previously filed a motion to remand. Doc. 12. The undersigned recommended that the motion to remand be denied. It was noted that Defendants appeared to agree to a limited remand if
(continued...)

1.   Standard for Summary Judgment

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

---

[5](...continued)
Plaintiff would dismiss his federal claims. Plaintiff did not file a motion to dismiss his federal claims, nor did he attempt to amend his complaint to delete all federal claims. On September 28, 2011, the Honorable Sol Blatt, Jr., Senior United States District Judge, denied Plaintiff's motion to remand. See Doc. 50.

2.  Job/Work Credit Claims

Defendants contend that Plaintiff does not have a constitutionally recognized liberty interest in a particular job assignment. Prisoners have no entitlement to a job at a certain pay level, or even to any job. See Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates). Although a prisoner may have due process rights as to good-time credits which are taken away from him, the opportunity to earn good-time or work credits is not a constitutionally established liberty interest. Wolff v. McDonnell, 418 U.S. 539, 557 (1974); see Sandin v. Conner, 515 U.S. 472 (1995).

3.  Staff Requests/Grievances/Failure to Follow SCDC Policies

Defendants contend that any claims that they failed to respond to Plaintiff's requests to staff, failed to respond to or properly process grievances, or that they failed to follow SCDC policies do not rise to the level of a constitutional violation. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Even if Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994). Allegations that Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres,

440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

    4.    Equal Protection

Plaintiff may be attempting to assert an equal protection claim. He claims that Defendant Ozmint and other SCDC officials discriminated against inmates at ECI and a subset of inmates within ECI by not treating them equally to all other SCDC inmates relating to jobs, earned work credits, and other privileges. An equal protection claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. Const. amend XIV. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, (4th Cir. 2001). When the distinction is based on a "suspect classification" or effects the denial of a fundamental right, the constitutional scrutiny sharpens in focus to determine whether the classification is narrowly tailored to serve a compelling governmental interest." See Plyler v. Doe, 457 U.S. 202, 216-17 (1982). When a plaintiff is not a member of a suspect class he must prove that the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose. See Turner v. Safley, 482 U.S. 78, 89 (1987).

Plaintiff has not asserted that he is a member of a suspect class. Defendants have provided copies of grievances indicating that Plaintiff was treated the way he was treated because he pled

6

guilty to fighting with a weapon and employment of an inmate depends on the number of earned work credit slots assigned to each housing unit. Further, Plaintiff has not shown that he was treated differently than similarly-situated persons.

5.     Conspiracy

Defendants contend that Plaintiff fails to establish a civil conspiracy under § 1983 because there are no allegations that any of the individual Defendants took affirmative action to promote a conspiracy and none of the alleged actions or inactions by Defendants amount to constitutional violations.

To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. Id.

Here, Plaintiff has presented nothing other than his own speculation that there was a conspiracy. He fails to show a meeting of the minds amongst Defendants to deprive him of his constitutional rights. Further, he fails to show an underlying constitutional deprivation as discussed above.

6. <u>Immunity</u>

Defendants contend they are entitled to summary judgment to the extent they are sued in their official capacities because in such capacity they are not "persons" under § 1983. The Eleventh Amendment prohibits federal courts from entertaining an action against a state. <u>See</u>, <u>e.g.</u>, <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); <u>Hans v. Louisiana</u>, 134 U.S. 1, 10-11 (1890). Further, Eleventh Amendment immunity "extends to 'arm[s] of the State,' including state agencies and state officers acting in their official capacity," <u>Cromer v. Brown</u>, 88 F.3d 1315, 1332 (4th Cir.1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... [and] is no different from a suit against the State itself," <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 71 (1989) (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. <u>Id.</u> As a result, to the extent Plaintiff has alleged claims against Defendants in their official capacities, those claims must be dismissed because Defendants are entitled to immunity pursuant to the Eleventh Amendment.

Defendants also contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

<u>Id.</u> at 818.

8

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

7.  State Law Claims

Plaintiff appears to allege claims under the SCTCA. As Plaintiff fails to show that Defendant violated his rights under § 1983 (as discussed above), only his state law claims would remain. It is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that any remaining state law claims be remanded to the State court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001).[6]

---

[6] If the Court determines that supplemental jurisdiction should be exercised over this claim, it is recommended that Defendants' motion for summary judgment be granted. In his memorandum in opposition to summary judgment, Plaintiff asserts that the only claim is under the SCTCA against Defendant SCDC. In his memorandum in opposition to summary judgment, Plaintiff appears to only allege claims under the SCTCA and only against Defendant SCDC. See Plaintiff's Opp. Mem. at 1. Further, an employee who commits a state common law tort within the scope of his or her employment is normally protected from individual liability. S.C.Code Ann. § 15–78–70(a).

Additionally, as Plaintiff filed this action on September 9, 2010, any claims that arose after September 9, 2008 are barred by the SCTCA's two-year statute of limitations, which provides, in relevant part, that claims brought pursuant to the SCTCA are barred "unless commenced within two

(continued...)

9

**MOTION TO STRIKE**

On November 3, 2011, Plaintiff filed a motion to strike. He appears to argue that the affidavit of Ann Hallman ("Hallman"), filed in support of Defendants' motion for summary judgment, should be stricken because Hallman is not a party to this action, she has no knowledge of the events in this action, she should not be allowed to determine the relevancy of documents to be submitted, and is an incompetent witness. Plaintiff fails to show that this affidavit should be stricken. Hallman merely has provided copies of grievances, and listed the dates that these grievances were submitted by Plaintiff and received by various SCDC employees. There is no indication that this is outside her role as Branch Chief of the Inmate Grievance Branch for SCDC. Further, even if this affidavit is not considered, Defendants' motion to dismiss Plaintiff's federal claims should still be granted for the reasons discussed above.

**MOTION FOR SANCTIONS**

On July 28, 2011, Plaintiff filed a motion for sanctions against Defendants' attorney pursuant to Fed. R. Civ. P. 11. He appears to argue that sanctions should be imposed because this action was improperly removed.

Rule 11 requires that the party seeking sanctions serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and provides that sanctions may be sought only if the challenged pleading is not withdrawn or corrected within

---

[6](...continued)
years after the date of the loss was or should have been discovered [.]" S.C.Code Ann. § 15–78–110. Although Plaintiff does not disclose in his Complaint the date on which he was first declined a job re-assignment, his Inmate to Staff Request Form (to Defendant Eagleton) dated April 3, 2008, indicates that his dispute regarding his employment status arose in "the first week of March" 2008. See Ann Hallman Aff., Attachments.

10

twenty-one days after service of the motion. Fed. R. Civ. P. 11(c)(2). Plaintiff states that he served the motion on Defendants' attorney "on June 12, 2011 as indicated by the accompanying Certificate of Service..." Review of the submitted materials, however, indicate that Defendants' attorney was served with the motion by mail on July 26, 2011. Thus, there is no indication that Plaintiff complied with this "safe harbor" provision. Further, as noted above, Judge Blatt has denied Plaintiff's motion to remand.

## **CONCLUSION**

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 37) be **granted** as to Plaintiff's federal claims, and any remaining state law claims be **remanded** to State court. It is also recommended that Plaintiff's motion to strike (Doc. 52) and Plaintiff's motion for sanctions (Doc. 34) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

January 26, 2012
Columbia, South Carolina

The parties' attention is directed to the important information on the attached notice.

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).