IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Burt, #141532,<br><br>             Plaintiff,<br><br>v.<br><br>Jon Ozmint, Director; South Carolina Department of Corrects (including W. Eagleton, S Skipper, J. Sligh, J. Bethea, W. McCrae, Mr. Jacobs, S. Goldbert, M. C. Lindsey, and C. Florian); Ms. Hooks,<br><br>             Defendants. | Civil Action No. 3:11-247-SB<br><br><u>**ORDER**</u> |

This matter is before the Court upon the Plaintiff's pro se complaint, wherein he alleges that the Defendants violated his constitutional rights and South Carolina law. Pursuant to Local Civil Rule 73.2(B)(2)(d) of the Local Civil Rules for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A), this matter was referred to a United States Magistrate Judge for preliminary determinations.

## **BACKGROUND**

The Plaintiff, who is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"), filed this action[1] in the Court of Common Pleas for Marlboro County, South Carolina, on September 9, 2012. The Defendants

---

[1] The Plaintiff's claims stem from his efforts to secure prison employment following his completion of disciplinary, lock-up sanctions. Specifically, the Plaintiff contends that he was entitled to retain his grandfathered pay status of $13.75 every two weeks as long as he was re-employed within two weeks of returning to the "yard." The Plaintiff alleges that certain SCDC officials conspired to keep him from securing a job in violation of his constitutional rights, resulting in his loss of wages and his inability to earn work credits. The Plaintiff asserts claims under South Carolina law and alleges that the Defendants have violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

removed the action to this Court on January 31, 2011, on the basis of federal question jurisdiction. Thereafter, the Plaintiff filed a motion to remand and a motion for judgment on the pleadings. The Magistrate Judge, in a report and recommendation ("R&R") issued on August 15, 2011, recommended that the Court deny the Plaintiff's motions to remand and for judgment on the pleadings. The Magistrate Judge also recommended that the Court deny the Plaintiff's motion for a preliminary injunction, which the Plaintiff attached to his complaint. With regard to specific findings, the Magistrate Judge determined: (1) that service upon the SCDC was not proper; (2) that the Defendant cured any procedural defect of failing to attach a copy of process to their removal notice;(3) that even assuming the Plaintiff properly served the SCDC, the notice of removal was timely filed within thirty days; (4) that the Plaintiff's complaint alleged claims arising under federal law;(5) that the Court should deny the Plaintiff's motions to remand and for judgment on the pleadings; and (6) that the Plaintiff failed to establish that he is entitled to injunctive relief.

The Plaintiff filed written objections to the R&R, and the Court carefully considered those objections in conjunction with the Magistrate Judge's R&R. Ultimately, the Court agreed with the Magistrate Judge's findings and recommendations, and the Court adopted the R&R in whole and incorporated it into an order filed September 28, 2011.

On August 25, 2011, the Defendants filed a motion for summary judgment, to which the Plaintiff responded. On January 26, 2012, the Magistrate Judge issued a second R&R, recommending that the Court grant the Defendants' motion with respect to the Plaintiff's federal claims; that the Court remand any remaining state law claims to state court; and that the Court deny the Plaintiff's motions for sanctions and to strike.

On February 14, 2012, the Plaintiff filed a motion for an extension of time to file

objections to the Magistrate Judge's second R&R as well as a motion for relief from the Magistrate Judge's order dated January 26, 2012 (wherein the Magistrate Judge denied the Plaintiff's motion for an extension of time to complete discovery). After consideration of the Plaintiff's motions, the Court granted him an extension of time to file objections. In addition, based on the Plaintiff's assertion that he never received a copy of this Court's September order (adopting the Magistrate Judge's first R&R), the Court directed the Clerk's Office to mail to the Plaintiff another copy of the Court's September order, a copy of the Magistrate Judge's August R&R, and a copy of the docket sheet.

On March 7, 2012, the Plaintiff filed a motion to alter or amend the Court's September order, and on March 16, 2012, the Plaintiff filed objections to the Magistrate Judge's January 26, 2012 R&R.

## DISCUSSION

### I. The Plaintiff's Rule 59(e) Motion to Alter or Amend the Court's September Order

Pursuant to Rule 59(e), a district court may grant a motion to alter or amend an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998).

In his motion to alter or amend, the Plaintiff points to no intervening change in controlling law or new evidence not available previously. Rather, the Plaintiff appears to argue that the Court committed legal error by adopting the R&R and denying his motion to remand. The Plaintiff asserts that the Defendants (and this Court) have committed

3

fraud, perjury, equivocation, and other misconduct, and the Plaintiff re-iterates his argument that the Defendants' notice of removal was improper based on, *inter alia*, the fact that all Defendants have not been served and have not joined in the removal. In addition, the Plaintiff asserts that his complaint contains no federal claims.

After a review of the Plaintiff's motion, the Court finds that the Plaintiff has pointed to no additional legal or factual matter to entitle him to the relief he seeks. In other words, the Court finds that the Plaintiff's motion merely rehashes arguments previously set forth and rejected by the Court. Accordingly, the Court finds no reason to alter or amend its September order, and therefore, the Court denies the Plaintiff's motion.

## II. The Plaintiff's Objections to the R&R

Next, the Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objections must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

Here, as previously set forth, the Defendants filed a motion for summary judgment on August 25, 2011. In their motion, the Defendants alleged the following: (1) that the Court should dismiss the individual Defendants who were not properly served and against whom no personal allegations are asserted; (2) that the individually-named Defendants are entitled to qualified immunity; (3) that prisoners do not have a constitutionally recognized liberty interest to a particular job assignment; (4) that the allegations concerning staff requests do not rise to the level of a constitutional violation; (5) that the doctrine of respondeat superior does not apply here; (6) that the Plaintiff may not seek damages

4

under section 1983 against the state or against a state official acting in his or her official capacity; (7) that the Plaintiff's allegations that SCDC employees failed to follow SCDC policies do not amount to a constitutional violation; (8) that the Plaintiff's conspiracy claims fail; (9) that Defendants Lindsey and Florian have no duty to the Plaintiff; (10) that the Court should dismiss the claims under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 – 220; (11) that the claims under the South Carolina Tort Claims Act are barred by the statute of limitations; (12) that the South Carolina Circuit Court lacks subject matter jurisdiction to dispose of the Plaintiff's state law claims as a matter of first impression, and therefore, this Court also lacks subject matter jurisdiction to dispose of those claims; (13) that the Plaintiff has failed to show that he is entitled to injunctive relief; and (14) that the Plaintiff's claims are factually and legally frivolous and should constitute a strike pursuant to the Prison Litigation Reform Act.

The Plaintiff filed a response to the Defendants' motion, arguing that the Court should deny the motion because: (1) the Court lacks subject matter jurisdiction over this action; (2) the Defendants have not met their burden of establishing the absence of a genuine issue of material fact; (3) the individual Defendants have not consented to removal and, therefore, have no standing; (4) the parties agree that the Defendants are protected by Eleventh Amendment immunity and there are no personal capacity claims, such that Eleventh Amendment immunity renders the complaint not removable; and (5) the Plaintiff needs additional time to conduct discovery to determine if the Defendants have standing.

In the R&R, which was filed on January 26, 2012, the Magistrate Judge carefully reviewed the parties' arguments and made the following determinations. First, the Magistrate Judge found that although a prisoner may have a due process rights as to

good-time credits that are taken away from him, the opportunity to earn good-time or work credits is not a constitutionally established liberty interest. Likewise, the Magistrate Judge determined that the Plaintiff's claims regarding the Defendants' failure to respond to or properly process grievances do not rise to the level of a constitutional violation. Third, the Magistrate Judge determined that, to the extent the Plaintiff seeks to allege an equal protection claim, such claim fails because (1) the Plaintiff has not alleged that he is the member of a suspect class and (2) the Plaintiff has not shown that he was treated differently than similarly-situated persons. Next, the Magistrate Judge determined that the Plaintiff's claim of civil conspiracy under section 1983 fails because the Plaintiff has not shown that the Defendants acted jointly with the intent to deprive him of his constitutional rights (or that any constitutional deprivation actually occurred, for that matter). Fifth, the Magistrate Judge determined that the Defendants are entitled to Eleventh Amendment immunity to the extent they are being sued in their official capacities. Similarly, the Magistrate Judge determined that the Defendants are entitled to qualified immunity to the extent they are being sued in their individual capacities, insofar as the Plaintiff has failed to show that the Defendants violated any of his clearly established constitutional rights. With respect to the Plaintiff's state law claims, the Magistrate Judge recommended that the Court exercise its discretion pursuant to 28 U.S.C. § 1367(c) and remand those claims to state court. Finally, the Magistrate Judge recommended that the Court deny the Plaintiff's motion to strike the affidavit of Ann Hallman and that the Court deny the Plaintiff's motion for sanctions against the Defendants' attorney.

The Plaintiff filed twenty-three pages of written objections to the R&R, including a motion captioned: "Rule 60(b), Fed. R. Civ. P., motion for relief from orders (Writ of Error

Coram Nobis)."

As a first objection (which includes a motion for relief from the Magistrate Judge's order denying his motion for an extension of time), the Plaintiff contends that the Magistrate Judge did not have authority to deny his motion for additional time to complete discovery (Entry 53) because the motion involved a dispositive matter pursuant to Rule 56 and not a discovery issue pursuant to Rule 29.[2] In essence, the Plaintiff argues that he was "railroaded" at the summary judgment stage because the Magistrate Judge improperly denied him the opportunity to personally depose the individually-named Defendants in response to the Defendants' motion for summary judgment.

After consideration, the Court overrules this objection and finds that the Plaintiff is not entitled to the relief he seeks. First, the Plaintiff asserts that his motion was based on Rule 56(f), which simply provides that: "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). Here, it is not entirely clear how Rule 56(f) is relevant to his motion for an extension of time to complete discovery or how the mere citation of this rule rendered the Magistrate Judge incapable of ruling on his motion for an extension of time. Because the Court believes that the Magistrate Judge properly denied the Plaintiff's motion under the specific circumstances of this case, the Plaintiff's request for relief is denied, and this objections is overruled.

---

[2] Although this objection is not aimed at the Magistrate Judge's January R&R, the Court has considered the Plaintiff's argument in the interest of fairness.

7

As a second objection (which also includes a motion for relief from the Court's order finding that federal jurisdiction exists over an action which the Plaintiff alleges was fraudulently removed), the Plaintiff reiterates his belief that the Defendants are perpetrating a fraud on the Court because the individual Defendants have not been served or consented to removal.

The Court has previously ruled on these issues and has denied the Plaintiff's motion to remand based in large part on these issues. Although the Plaintiff disagrees with the Court's findings on these issues and asserts that the Defendants are perpetrating a fraud on the court, the Court sees no reason to grant the Plaintiff relief from the Court's previous order. Therefore, this objections is overruled, and the Plaintiff's motion for relief is denied.

As a third objection, the Plaintiff states: "Magistrate's entire R&R is rendered erroneous and jurisdictionally void because it utilizes a standard of review in support of a recommendation for summary judgment which is and remains legally inapplicable to an action removed from state court by Defendants." (Entry 64 at 8.)

In essence, the Plaintiff complains that this action is a state court action that was improperly removed to federal court. The Plaintiff contends that the Defendants and the Court have improperly ascribed federal claims to his complaint. Based on his assertions, the Plaintiff seems to implicitly agree with many of the Defendants' arguments in support of summary judgment, insofar as the Defendants' arguments establish that the Plaintiff has failed to show the violation of a constitutional right. For example, the Plaintiff states:

> In this case, not one of the seven causes of action set forth on the face of Plaintif[f]'s Complaint states a federal cause of action or presents a federal question. . . . Both Magistrate's R&R and Defendant's motion for summary judgment unquestionably agree with this purely factual assessment of the Complaint. The only issue in controversy is whether the claims in question

8

should be dismissed on summary judgment – as urged by Defendant and Magistrat – or remanded to state court for lac[k] of jurisdiction as contended by Plaintiff.

(Entry 64 at 13.)

Here, the Plaintiff disagrees with the Court's finding that the complaint contains claims arising under federal law. That federal claims exist on the face of the Plaintiff's complaint, however, is clear from even the most cursory review of the complaint. See, e.g., Entry 1-1 at 5 (alleging violations of various United States Constitutional amendments); Entry 1-1 at 6 (alleging the "unlawful deprivation of employment and early release credit contrary to law and without due process of law as mandated by State and Federal Constitutions"); Entry 1-1 at 7 (alleging the denial of "Equal Protection Under the Law"); Entry 1-1 at 9 (alleging the "unlawful deprivation of Plaintiff's constitutionally protected right to due process, property, and liberty interests"). Thus, the Court rejects the Plaintiff's contention that the R&R is "erroneously and jurisdictionally void."

As a fourth objection, the Plaintiff contends that "[t]he Magistrate Judge's recommendation to deny the Plaintiff's motion to strike is legally erroneous and should be denied." (Entry 64 at 13.)

After review, the Court finds this objection to be wholly without merit, and the Court agrees with the Magistrate Judge that–contrary to the Plaintiff's arguments–there is no reason to strike the affidavit of Ann Hallman, which was filed in support of the Defendants' motion for summary judgment. Although the Plaintiff contends that Hallman is not a party, has no knowledge of the events, and is an incompetent witness, the affidavit provided by Hallman, who serves as the Branch Chief of the Inmate Grievance Branch for the SCDC, merely serves to provide copies of grievances submitted by the Plaintiff and received by

9

various SCDC employees. In addition, as the Magistrate Judge noted, the Court's findings with respect to the Plaintiff's constitutional claims do not depend on this affidavit.

Next, as a fifth objection, the Plaintiff states:

> This action was docketed erroneously as a 1983 prisoner civil rights, state filers cause of action, has been erroneously conducted in wanton disregard of its actual cause of action: 28: 1441 et seq. Action removed from state court by Defendant, which constitutes an abusive and injurious violation of due process of law and judicial ethics.

(Entry 64 at 15.) Here again, the Plaintiff merely reiterates his claim that this action is a state court action and does not state a claim pursuant to section 1983. For many of the reasons previously set forth, the Court finds this objection to be wholly without merit.

As a sixth and final objection, the Plaintiff objects to footnote three on page three of the R&R, which provides: "For purposes of summary judgment, the facts have been taken in the light most favorable to Plaintiff. As Defendants, for purposes of summary judgment, have not disputed the alleged facts, there are presently no genuine issues of material fact." (Entry 57 at 3, n.3.) The Plaintiff's grounds for this objection are not entirely clear, and, after review, the Court finds no reason to grant the Plaintiff relief based on footnote three. Accordingly, this objection is overruled.

Here, although the Plaintiff has steadfastly maintained throughout this action that his complaint contains no federal claims, the Court has found otherwise (for many of the reasons explained above), and the Court has permitted the action to proceed to the summary judgment stage. Now, after considering the Defendants' motion for summary judgment, the Court agrees with the Defendants and with the Magistrate Judge that the Plaintiff has failed to establish or otherwise prove any of the federal claims contained in his complaint. In other words, despite alleging in his complaint that the Defendants violated

10

his federal constitutional rights, the Plaintiff has failed to establish any constitutional violation. Therefore, after throughly reviewing the record–including the R&R and the Plaintiff's objections–the Court agrees with the Magistrate Judge that the Defendants are entitled to summary judgment with respect to the Plaintiff's federal claims. The Court notes that this ruling applies only to the Plaintiff's federal claims–claims that the Plaintiff contends do not exist anyway–and the Plaintiff is free to proceed with his state law claims. Moreover, with respect to those state law claims, the Court agrees with the Magistrate Judge that the Court should use its discretion and remand those claims to state court for proper disposition. Finally, the Court agrees with the Magistrate Judge that the Plaintiff's motions to strike and for sanctions should be denied.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 57) is adopted and specifically incorporated herein; the Plaintiffs' objections to the R&R, including his Rule 60 motions, (Entry 64) are denied; the Defendants' motion for summary judgment (Entry 37) is granted with respect to the Plaintiff's federal claims; any remaining state law claims are remanded to state court; the Plaintiff's motion to strike (Entry 52) is denied; the Plaintiff's motion for sanctions (Entry 34) is denied; the Plaintiff's motion to alter or amend (Entry 63) is denied; and any other remaining motions are deemed moot.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 27, 2012
Charleston, South Carolina